1    JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

2

3    BRIAN J. STRETCH (CABN 163973)
   Chief, Criminal Division

4    ACADIA L. SENESE (CABN 251287)
   Special Assistant United States Attorney

5

6    450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7296

7    Facsimile: (415) 436-7234
   Email: acadia.senese@usdoj.gov

8

   Attorneys for Plaintiff

9

**FILED**

**JUL 2 3 2010**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10               UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14    UNITED STATES OF AMERICA,     )     No. CR 3-10-70612 MEJ
                           )

15        Plaintiff,             )

16      v.                        )     [~~PROPOSED~~] **ORDER OF DETENTION
                           )     OF DEFENDANT
                           )     KIMBERLY NGUYEN**

17    KIMBERLY NGUYEN,          )

18                            )
       Defendant.          )

19    _____)

20

21        The defendant Kimberly Nguyen came before this Court on July 21, 2010 for a detention

22    hearing.  The defendant was present and represented by Federal Public Defender Shawn Halbert.

23    Special Assistant United States Attorney Acadia Senese represented the United States.

24        The government requested detention, submitting that a rebuttable presumption arises that

25    no condition or combination of conditions of release would reasonably assure the defendant's

26    appearance as required or the safety of the community pursuant 18 U.S.C. § 3142(e)(3)(A) and

27    18 U.S.C. § 3142(f)(2)..

28        Pretrial Services submitted a report recommending the release of the defendant.

[~~Proposed~~] Detention Order
CR 3-10-70612 MEJ

1    Upon consideration of the Pretrial Services report, the court file and the party proffers as

2    discussed below, the Court finds by a preponderance of the evidence that no condition or

3    combination of conditions will reasonably assure the appearance of the defendant as required.

4    The Court reserves judgment as to the issue of the defendant's danger to the community.  The

5    Court orders the defendant detained.

6    The present order supplements the Court's findings at the detention hearing and serves as

7    a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

8    The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the

9    Court must consider in determining whether pretrial detention is warranted.  In coming to its

10   decision, the Court has considered those factors, paraphrased below:

11   (1)  the nature and seriousness of the offense charged;

12   (2)  the weight of the evidence against the person;

13   (3)  the history and characteristics of the person including, among other considerations,

14   employment, past conduct and criminal history, and records of court appearances; and

15   (4)  the nature and seriousness of the danger to any person or the community that would

16   be posed by the person's release.

17   18 U.S.C. § 3142(g).

18   Defendant Kimberly Nguyen is charged in count one of the Indictment with Conspiracy to

19   Possess a Controlled Substance with Intent to Distribute and in count two with Possession of a

20   Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and

21   (b)(1)(C).  Kimberly Nguyen appeared in San Francisco, California after her arrest on a warrant

22   pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

23   The instant charges stem from a two-year investigation in the Southern District of Texas.

24   During that time, the defendant directly participated in a criminal enterprise involving not just the

25   trafficking of ecstacy, but also marriage fraud, visa fraud, and the operation of illegal gambling

26   establishments.  Specifically, the defendant is alleged to have directly participated in the buy of

27   over 20,000 ecstasy pills, and was aware of at least 70,000 additional ecstasy pills possessed by

28   the criminal enterprise. The defendant, along with her husband and co-conspirator, have a

[Proposed] Detention Order
CR 3-10-70612 MEJ

1 | substantial amount of assets in Vietnam. Ms. Nguyen was traveling to Vietnam to facilitate

2 | marriage fraud. She was apprehended upon her return to the United States from Vietnam after

3 | being denied entry into Vietnam. Additionally, over the last ten years, Ms. Nguyen traveled to

4 | Vietnam over ten times, with each visit lasting one to two months.

5 |       In considering all of the facts and proffers presented at the hearing, the Court finds the

6 | following factors among the most compelling in reaching its conclusion that no combination of

7 | conditions could  reasonably assure the defendant's appearance as required:

8 |       First, the defendant was apprehended upon returning to the United States after being

9 | denied entry into Vietnam.

10 |       Second, the defendant has traveled extensively to Vietnam in the last ten years. She has

11 | substantial connections to that country. Additionally, she and her husband have substantial assets

12 | in Vietnam.

13 |       Third, although the facts of the instant case are the least important to the Court's

14 | determination of whether there are conditions of release that would reasonably assure the

15 | defendant's presence, the Court is concerned about the large number of narcotics alleged to be

16 | part of the criminal enterprise.

17 |       Fourth, although the pretrial services report identifies potential sureties, those individuals

18 | are not present in court and are not present in the Northern District of California.

19 |       These factors, among others adduced at the hearing, demonstrate by a preponderance of

20 | the evidence that if released, the defendant would not appear as required.

21 |       Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

22 |       (1) the defendant is committed to the custody of the Attorney General for confinement in

23 | a corrections facility;

24 |       (2) the defendant be afforded reasonable opportunity for private consultation with his

25 | counsel; and

26 | //

27 | //

28 | //

[Proposed] Detention Order
CR 3-10-70612 MEJ

1       (3) on order of a court of the United States or on request of an attorney for the

2  government, the person in charge of the corrections facility in which the defendant is confined

3  shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any

4  appearance in connection with a court proceeding.

5

6  Dated: 7/23/10

7

8

                                  NANDOR J. VADAS

9                                United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Detention Order
CR 3-10-70612 MEJ